# United States Bankruptcy Court
# for the District of Oregon

**Frank R. Alley, III, Judge**
Barbara D. Ivey, Judicial Assistant
Lee D. Brice, Law Clerk



151 West Seventh Ave., Suite 300
Post Office Box 1335
Eugene, Oregon 97440
(541) 465-6767
FAX: (541) 465-6898

August 16, 2006

Mr. Gregory Christensen
Attorney at Law
P.O. Box 2039
Corvallis, OR 97339

Mr. D. Rahn Hostetter
Attorney at Law
P.O. Box 400
Enterprise, OR 97828

RE: <u>Roost v. Kern and Collins</u>   06-6077-fra

Dear Counsel:

     A hearing on Defendants' motion for summary judgment was held on August 16, 2006 and the matter taken under advisement. The purpose of this letter opinion is to announce my ruling on that motion. For the reasons that follow, Defendants' motion will be granted.

     <u>Background</u>

     The Plaintiff, trustee of the bankruptcy estate of David Rathbun and Ethelyn Hackett-Rathbun, filed an adversary proceeding on February 14, 2006 against Defendants, both children of Ms. Hackett-Rathbun (hereinafter "Debtor") regarding the transfer in 1992 of Debtor's interest in her personal residence to the Defendants. Claim 1 of the complaint seeks avoidance of the transfer under Code § 544(b) and ORS 95.230(1)(b)(B). Claim 2 seeks relief under the theory of constructive trust.

     Defendants' Answer includes as affirmative defenses 2 and 3 that the causes of action included in claims 1 and 2 of the complaint are barred by the applicable statutes of limitation. Defendants move for summary judgment on their affirmative defenses.

     <u>Summary Judgment</u>

     Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056. The movant has the burden of establishing that there is no genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). The court

must view the facts and draw all inferences in the light most favorable to the nonmoving party. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987). The primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one-sided that one party must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

A party opposing a properly supported motion for summary judgment must present affirmative evidence of a disputed material fact from which a factfinder might return a verdict in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). Bankruptcy Rule 7056, which incorporates Federal Rule of Civil Procedure 56(e), provides that the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must respond with specific facts showing there is a genuine issue of material fact for trial. Absent such response, summary judgment shall be granted if appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 326-27 (1986).

### The Transfer

On November 19, 1992, the Debtor transferred by bargain and sale deed her interest in her personal residence to the Defendants, reserving for herself as grantor a life estate in the property. The deed was properly recorded on November 20, 1992 in the Linn County Recorder's Office. The only consideration for the transfer contained in the document was "love and affection." In other words, the stated intent of the transfer was as a gift.

The Plaintiff submitted a partial transcript of the meeting of creditors held on March 22, 2004 in which the Debtor testified that her motivation in making the transfer was to put the property beyond the reach of the man she was married to at the time. The Debtor also testified that her children and she had an understanding that if the house were to be sold prior to the Debtor's death and the Debtor needed a place to live, the children would "provide it with the proceeds from the property."

Defendant Lerrina Collins submitted an affidavit in which she stated that the Debtor transferred her interest in the property to her and her brother not only to prevent Debtor's then-husband from claiming an interest in the property, but that it was also meant as a gift. The Defendants promised the Debtor that after the transfer of the property they would provide for the Debtor as she advances in age, even if they were required to sell the real property, or any other asset they owned, to so provide for the Debtor.

### Claim #1 - Avoidance of Fraudulent Transfer

The Plaintiff seeks to avoid the transfer for the benefit of the estate under the power granted to him by Code § 544(b), which provides that the trustee may avoid any transfer of an interest in property or an obligation incurred by the debtor that is voidable under applicable law by an unsecured creditor holding an allowable claim under Code § 502. Using that power, the Plaintiff invokes state law ORS 95.230(1)(b)(B) which provides that a transfer is fraudulent as to present or future creditors, and may be avoided, if the transfer was made for less than a reasonably equivalent value and the debtor intended or believed that he would incur debts beyond the debtor's ability to pay.

ORS 95.280(2) provides that a claim under ORS 95.230(1)(b) is extinguished unless an action is brought within four years of the date of the transfer. The action in the present case was

clearly brought more than four years after the transfer. The Plaintiff counters that there is evidence that the transfer was made with the actual intent to defraud a creditor (i.e. Debtor's then-husband) and an action could be brought under ORS 95.230(1)(a). In addition to the four-year statute of limitations for an action under that provision, a defrauded creditor is allowed to bring an action within one year from the date he discovered or reasonably could have discovered the transfer. ORS 95.280(1). Assuming, for purposes of discussion, that the Debtor's ex-husband is an unsecured creditor with an allowable claim under Code § 502, the Plaintiff learned of the transfer on March 22, 2004, the date of the meeting of creditors. Pursuant to ORS 95.280(1), the action to avoid the transfer would have had to have been brought by March 22, 2005. As the adversary proceeding was not filed until February 14, 2006, that action would also be time-barred.[1]

Claim #2 - Constructive Trust

Plaintiff alleges that the transfer was intended to be a testamentary device and that the Debtor retained the beneficial interest in the property after the transfer. Plaintiff seeks imposition of a constructive trust (or a declaration of constructive trust) in order to require that Defendants reconvey the interest in the property to the bankruptcy estate.

Defendants counter that the applicable statute of limitations under Oregon law for bringing an action for constructive trust is six years from the date of the transfer. As Plaintiff pointed out, since the imposition of a constructive trust is an equitable action of the court, there is no statute of limitations per se. However, the Oregon Supreme Court held that a court should apply the statute of limitations of analogous law-actions as a yardstick in applying laches. It held that the applicable period for an action to impose a constructive trust is six years. Albino v. Albino, 279 Or. 537, 553-54, 568 P.2d 1344, 1353 (1977). As the action was brought more than 13 years from the date of the transfer, I find that laches is applicable in the present case and that a constructive trust will not be imposed.

Plaintiff now argues that, while the complaint speaks in terms of constructive trust, it really meant to allege that an *express*, or "actual," trust was created by the transfer.[2] If an express trust exists of which the Debtor is the beneficiary, then the Debtor's interest in the trust automatically became property of the estate at the petition date and the Court need only so declare.

---

[1] Plaintiff's argument that Code § 108(a) allows him to bring the action within two years of the bankruptcy petition date is without merit, as that provision applies only to causes of action which the *debtor* owned and could have brought at the petition date. A.M. Mancuso v. Continental Bank Nat. Assoc. Chicago (In re Topcor, Inc.), 132 B.R. 119, 125-26 (Bankr. N.D. Tex. 1991).

[2] An express trust is defined as a trust "created with the settlor's express intent, usually declared in writing." "Express" is defined as "[c]learly and unmistakably communicated; directly stated." Black's Law Dictionary 620, 1548 (8th ed. 2004).

Conclusion

Defendants' motion for summary judgment is granted with respect to their second and third affirmative defenses. Plaintiff's motion to extend scheduling deadlines to enable him to file an amended complaint, subject to my ruling in this Letter Opinion, will be granted. Defendants' motion to strike Plaintiff's list of exhibits and witnesses as untimely is denied. An order will be entered by the Court in conformity with this Letter Opinion.

Very truly yours,

FRANK R. ALLEY, III
Bankruptcy Judge