Gregory J. Christensen, OSB No. 77139
ATTORNEY FOR TRUSTEE
804 SW Fourth St.
P.O. Box 2039
Corvallis, OR 97339
Telephone: (541) 757-1229
Fax: (541) 757-0408

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No: 04-61113-fra7 |
| DAVID A. RATHBUN<br>ETHELYN A. HACKETT-RATHBUN, | Adv. Proc. No: 06-06077-fra |
| Debtor(s), | **1ST AMENDED COMPLAINT** |
| ERIC R.T. ROOST, Trustee,<br>ESTATE of RATHBUN, | TURNOVER OF ESTATE PROPERTY<br>11 USC § 542 |
| Plaintiffs, | SALE OF JOINTLY-OWNED PROPERTY |
| v. | 11 USC § 363(h) |
| ERVIN JOHN KERN & LERRINA A. COLLINS, | |
| Defendant(s). | |

Eric R.-T. Roost, trustee of the above-entitled estate, respectfully submits:

1. Plaintiff is the duly qualified and acting trustee of the estate of the above-named debtor, her petition being filed on February 19, 2004.

1ST AMENDED COMPLAINT
re: Roost v. Kern & Collins
Page 1

Gregory J. Christensen
Attorney at Law
PO Box 2039
Corvallis, OR 97339
(541) 757-1229

Case 06-06077-fra    Doc 41    Filed 08/29/06

2. This Court has jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. §§1334 and 157, and 11 U.S.C. §§ 363(h), 541 and 542.

3. This case is a core proceeding, pursuant to 28 U.S.C. § 157 (b) (2) (E), (N) and (O).

## ALLEGATIONS COMMON TO ALL CLAIMS

4. The Debtor Ethelyn Hackett-Rathbun, also known as Ethelyn A. Kern and Ethelyn Anna Hackett ("Debtor") resides in a 1978 1884-square foot, double-wide manufactured dwelling (Manufactured Home). Debtor is sole owner of the Manufactured Home. Linn County Real Market Value for 05-06 is stated as $25,770. There is no debt owing against the Manufactured Home.

5. Debtor's Manufactured Home sits on a 17.91-acre parcel of real property ("Acreage"). Linn County Real Market Value for 05-06 is stated as $131,190. There is no debt owing against the Acreage.

6. Prior to November 19, 1992, debtor was sole owner of the Acreage.

7. Prior to November 19, 1992, and continuing until the present, Debtor has resided upon the Acreage in her Manufactured Home.

8. The Defendants are the children of the Debtor (Children).

9. On November 19, 1992, Debtor conveyed a remaindermen's interest in the Acreage by deed to her Children. Debtor retained a life estate in the Acreage.

1ST AMENDED COMPLAINT
re: Roost v. Kern & Collins
Page 2

Gregory J. Christensen
Attorney at Law
PO Box 2039
Corvallis, OR 97339
(541) 757-1229

Case 06-06077-fra    Doc 41    Filed 08/29/06

10. The sole purpose of the conveyance on November 19, 1992, was to prevent Debtor's spouse at that time from obtaining any interest in the Acreage through dissolution proceedings. In the event of Debtor's death, the transfer was also designed for estate planning purposes to avoid a probate proceeding.

11. Debtor has at all times subsequent to November 19, 1992, resided upon the Acreage and paid all taxes and other expenses relating thereto.

12. Debtor testified under oath at her Meeting of Creditors that she had made an agreement with her Children, once they were old enough, that if she needed a different place to live, the Children would join in the sale of the Acreage and the proceeds would be used to purchase Debtor another dwelling.

13. Debtor listed total debts of $118,326.70 in her bankruptcy schedules. One creditor was listed at $81,750 for a personal injury claim arising from an automobile accident. The automobile insurance company, which provided liability coverage on the automobile that Debtor was driving at the time of the accident, has paid more than $83,000 as a result of state court litigation and a bad faith claim. As a result of insurance coverage, Debtor's scheduled debt is presently not more than $37,000.

1ST AMENDED COMPLAINT
re: Roost v. Kern & Collins
Page 3

Gregory J. Christensen
Attorney at Law
PO Box 2039
Corvallis, OR 97339
(541) 757-1229

Case 06-06077-fra   Doc 41   Filed 08/29/06

## Claim 1: TURNOVER OF ESTATE PROPERTY
## 11 USC § 542

14. Plaintiff realleges and incorporates paragraphs 1–13, above, as though fully alleged herein.

15. The Children have legal title as remaindermen in the Acreage.

16. The sole purpose of Debtor's conveyance of the remaindermen's interest in the Acreage to her Children in 1992 was to prevent her spouse at that time from obtaining any interest in the Acreage and, in the event of Debtor's death, was designed for estate planning purposes to avoid a probate proceeding.

17. The Children paid no consideration for their remaindermen interest, nor have the Children, since receiving their remaindermen interest paid any expense related to the Acreage.

18. The Children were placed upon legal title by Debtor for purposes of convenience only and do not now own, nor at any time, have they owned any interest in the Acreage other than bare legal title.

19. Since November, 1992, the Debtor has retained and, at the time she filed her bankruptcy petition, continued to own full equitable interest in the Acreage.

20. The Children should be ordered to re-convey or turnover legal title to the Acreage to the bankruptcy estate.

1ST AMENDED COMPLAINT
re: Roost v. Kern & Collins
Page 4

Gregory J. Christensen
Attorney at Law
PO Box 2039
Corvallis, OR 97339
(541) 757-1229

Case 06-06077-fra    Doc 41    Filed 08/29/06

21. The Debtor should be offered the opportunity to purchase the Acreage from the estate for an amount that will fully pay her remaining creditors and administrative expenses.

## Claim 2: SALE OF PROPERTY OWNED JOINTLY WITH NON-DEBTOR

## 11 USC § 363(h)

22. Plaintiff realleges and incorporates paragraphs 1 – 21, above, as though fully alleged herein.

23. In the event that the Court decides that the Children have an equitable interest in the Acreage, the Plaintiff requests an order permitting the sale of the Acreage and the Manufactured Home as a single residential unit.

24. Partition-in-kind of the Acreage between the bankruptcy estate and the Children is impracticable.

25. Sale of the estate's undivided interest in the Acreage would realize significantly less for the estate than sale of such property free of the interests of the Children.

26. The benefit to the estate of the sale of such property, free and clear of the interests of the Children, outweighs the detriment, if any, to the Children.

1ST AMENDED COMPLAINT
re: Roost v. Kern & Collins
Page 5

Gregory J. Christensen
Attorney at Law
PO Box 2039
Corvallis, OR 97339
(541) 757-1229

Case 06-06077-fra    Doc 41    Filed 08/29/06

27. Said property is not used in the production, transmission, or distribution for the sale of electric energy or of natural or synthetic gas or heat, light, or power.

28. The Children are not presently residing on the Acreage, but have refused to the sale of the Acreage or payment to the bankruptcy estate for its interest.

29. Plaintiff should have a judgment, pursuant to Bankruptcy Code 363(h), authorizing sale of the aforementioned properties, subject to Defendant Children's right to purchase said property at the price at which said sale is to be consummated; and subject to Defendant Children receiving a notice of proposed sale and right to object within 22 days of mailing of said notice; and subject to the Defendant Children's right to their distribution of such net proceeds from the sale as determined by the Court, less the costs and expenses of such sale.

**WHEREFORE**, plaintiff prays for a judgment:

A. Ordering Defendants to re-convey all of their interest in the Acreage, more particularly described in the deed attached hereto as Exhibit "A," to the bankruptcy estate, and granting the Debtor the exclusive right for 30 days to purchase the Acreage for a price that will pay all valid claims and costs of administration in full, taking into account the funds previously paid by the automobile insurance company.

1ST AMENDED COMPLAINT
re: Roost v. Kern & Collins
Page 6

Gregory J. Christensen
Attorney at Law
PO Box 2039
Corvallis, OR 97339
(541) 757-1229

Case 06-06077-fra    Doc 41    Filed 08/29/06

C. In the event that the Court determines the Defendants do have some equitable interest in the Acreage, determining the percentage amount or fractional share belonging to Defendants.

D. In the event that the Court determines the Defendants do have some equitable interest in the Acreage, authorizing the sale, free and clear of all liens, of the Acreage, plus the Manufactured Home, pursuant to Bankruptcy Code 363(h).

D. For such other relief that the Court determines is just and equitable under the circumstances, including the segregation of the total sales price into that portion attributable to the Manufactured Home and that portion attributable to the Acreage, in the event that the Court determines the Defendants do have some equitable interest in the Acreage.

DATED: August 25, 2006.

     /s/ Gregory J. Christensen
Gregory J. Christensen  OSB #77139
Attorney for Plaintiff,  Trustee Eric R.-T. Roost

1ST AMENDED COMPLAINT
re:  Roost v. Kern & Collins
Page 7

Gregory J. Christensen
Attorney at Law
PO Box 2039
Corvallis, OR  97339
(541) 757-1229

Case 06-06077-fra    Doc 41    Filed 08/29/06

## CERTIFICATION OF MAIL SERVICE

STATE OF OREGON )
)
County of Benton )

I hereby certify that on August 25, 2006, I served the foregoing PLAINTIFF'S 1st AMENDED COMPLAINT on the following attorneys, to wit:

D. RAHN HOSTETTER
Attorney at Law
POB 400
Enterprise, OR 97828

Attorney for Defendants

By mailing a true and correct copy of the original thereof, certified by me as such, addressed to said attorneys at the address shown above and deposited in the first class US Mail on said day with sufficient postage in a sealed, at the Post Office at Corvallis, Benton County, Oregon.

　　　　　　　　/s/ Gregory J. Christensen
　　　　　　　　Gregory J. Christensen
　　　　　　　　Attorney for Plaintiff

1ST AMENDED COMPLAINT
re: Roost v. Kern & Collins
Page 8

Gregory J. Christensen
Attorney at Law
PO Box 2039
Corvallis, OR 97339
(541) 757-1229

Case 06-06077-fra    Doc 41    Filed 08/29/06